United States District Court
Southern District of Texas

**ENTERED**

January 08, 2019

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MICHEL THOMAS,                        §
*Plaintiff*,                          §
                                      §
v.                                    §          Civil Action No. 4:17-CV-3902
                                      §
LINK STAFFING, *et al.*,              §
*Defendants*.                         §

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendant Christie O'Brien's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 13), and Plaintiff Michel Thomas's Motion for Leave to Amend (Dkt. 22). Plaintiff's motion for leave to amend is granted. The court recommends that the motion to dismiss be granted in part and denied in part, as set forth below.

## I.      BACKGROUND

The following factual allegations are gleaned from a careful reading of Thomas's operative pleading in this case.[1] On or about December 14, 2014, Plaintiff was assigned by the temporary staffing agency that employed him, Link Staffing, to work at the Brookshire, Texas, location of a company called Grundfos. His assignment was terminated on October 18, 2016.

Thomas alleges that in September 2015, Grundfos told him there were currently no permanent positions available, but that he would be next in line when one came up. In November 2015, Thomas complained about a safety issue. When two positions became available in February

---

[1] Initially, Thomas filed a "Verified Complaint," along with several attachments from his employment records, EEOC file, and an Affidavit dated August 2016. Dkt. 1. His Amended Complaint (Dkt. 22-1) contains a shorter and somewhat clearer description of his claims, but asks the court "to still consider the original verified complaint and its parts labeled Affidavit, Complaint, Claimant's Response to Interrogatories, as well as other documents that were in the original verified complaint as part of the amended complaint in whole." Dkt. 22-1 at 1. Usually an amended complaint replaces an original complaint in full, but because Thomas is *pro se* and the court construes his pleading liberally, the court will consider all the documents together as Thomas's Amended Complaint for purposes of the pending motions to dismiss.

2016, Thomas did not get one of them. Grundfos hired someone named Todd who had recently started working at Grundfos, whom Thomas describes as a "European-American."

Thomas alleges that he complained to "Corporate Grundfos" about discrimination in June 2016. This complaint apparently involved what he felt was a hostile environment based on rampant offensive homosexual comments and innuendo. Thomas further alleges he raised the issue of racial discrimination on October 13, 2016. At that time, Thomas complained that African-Americans and Mexican-Americans were forced to work as temporary employees longer than European-Americans before being offered a permanent, full-time position. He alleges Grundfos's scheme was to offer an African-American or Mexican-American a position only if there was also a position available for a European-American, or if the minority candidate threatened to quit. He believes Grundfos's goal was never to hire more African-Americans or Mexican-Americans than European-Americans.

Link Staffing disciplined Thomas for contacting Grundfos directly with his complaints instead of going through Link Staffing. Link Staffing wrote up an Employee Counseling Report reprimanding Thomas on October 17, 2016. The report says:

> Michael [Thomas] approached Grundfos HR Manager last week about a concern he had with this client. Michael did not follow company guidelines in addressing his concerns. Found on page 3 of the Employee Handbook, 'If, for any reason, you have a problem reporting to work, missing work, or any issues while on assignment - contact Link.' Michael [Thomas] was verbally counseled about this same issue during employee meetings with Link on August 23, September 1 and September 30.

Dkt. 1-2 at 8. The Counseling Report further states that "Michael needs to follow his conditions of employment by recognizing Link as his employer." *Id.* Thomas's handwritten comments in response state that he would like permission to raise his concerns about discrimination with Grundfos corporate, and that he deemed his treatment retaliatory. *Id.* at 8-9.

On October 18, 2016, a day after Thomas received the Counseling Report, a Grundfos employee, Chau Nguyen, called employees together at Grundfos and asked if anybody had any issues they wanted to raise with human resources. Thomas stayed silent because he felt like he was being set up as a pretext for termination after the October 17 warning from Link Staffing not to complain to Grundfos representatives. Later that day, Thomas was told that the password had been changed on the computer in the "kitting room," so he could not use it. Still later, there was an issue regarding Thomas's use of a forklift. Thomas continued working that day, but felt things were tense, and he "got the feeling in [his] gut that they were getting ready to end [his] assignment and they were going to use the forklift situation as the reason." Dkt. 1 at 17. As he expected, at 5:40 on October 18, Thomas got a call from Matt Trimble and another man from Link Staffing informing him that his assignment at Grundfos was over. He was told he was still a Link Staffing employee, but they didn't have any work for him at that time. *Id.*

Thomas has implicated Link, and specifically Christie O'Brien, as conspiring with Grundfos to discriminate and retaliate against him. Thomas alleges that Grundfos "Human Resources and Link Staffing began working in concert to find a way to silence [him]" (Dkt. 1 at 8); that Link Staffing personnel, including O'Brien, met with him in the Grundfos office on October, 17, 2016 (the day before his position with Grundfos was terminated), and told him he was "prohibited from raising the issue [of discrimination] with Corporate Grundfos, that [Link] would do the investigation" into the discrimination and that O'Brien signed the Employee Counseling Report. Dkt. 1 at 13-14. Thomas alleges that Link Staffing "attempted to prevent [him] from reporting the discrimination" and retaliated against him to "suppress [his] pursuit of the issue of discrimination" by disciplining him with the Employee Counseling Report. Dkt. 1 at 21-22. Furthermore, in his response to the Motion to Dismiss, Thomas alleges that, as the Human

3

Resource Manager for Link Staffing, O'Brien was "the person responsible for overseeing personnel, hiring, firing, benefits, promotion, etc., and [that] she signed the [Employee Counseling Report.]" Dkt. 23 at 3.

Plaintiff filed a complaint with the Texas Workforce Commission (TWC) alleging discrimination based on age, race, religion, and sex as well as retaliation for filing a complaint of discrimination. Dkt. 1 at 6. The TWC issued a right to sue letter on August 31, 2017. Dkt. 21-2. Plaintiff also filed a charge of discrimination with the EEOC alleging discrimination under Title VII and the ADEA for race, color, sex, and age discrimination, as well as for retaliation. Dkt. 21-3. The EEOC issued a right to sue letter on September 28, 2017. Dkt. 1 at 4. Plaintiff filed this federal lawsuit on December 28, 2017.

## II.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, when ruling on a 12(b)(6) motion, the court may consider only the allegations in the complaint and any attachments thereto. If a motion to dismiss refers to matters outside the

pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir.2007). Here, the court will consider Thomas's original complaint and all attachments (Dkt. 1), and Thomas's Amended Complaint (Dkt. 22-1).[2]

## III.   <u>ANALYSIS</u>

Thomas asserts causes of action against Christie O'Brien individually for race discrimination and retaliation under 42 U.S.C. § 1981. Thomas expressly states in his response to O'Brien's motion that he is not asserting claims against her under Title VII or Chapter 21 of the Texas Labor Code. Dkt. 23 at 1. Therefore, all claims against O'Brien, arising under Title VII and the Texas Labor Code, are dismissed. The remainder of this memorandum and recommendation addresses the Section 1981 claims.

### A.  **Individual Liability Under Section 1981**

O'Brien moves to dismiss Thomas's Section 1981 claims because he has not sufficiently pled a basis for her individual liability. While the scope of individual liability under § 1981 remains unclear, the Fifth Circuit has held that an individual may be liable under § 1981 if she is "essentially the same" as the employer in exercising authority over the plaintiff. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003); *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008).

---

[2] *See* n.1, supra.

In *Foley*, the Fifth Circuit upheld the district court's denial of summary judgment for individual defendants because the court "found genuine issues of material fact as to whether the Appellants exercised control over the faculty positions and titles [at issue]. If so, the Appellants were 'essentially the same' as [the university] for purposes of the retaliatory conduct alleged in this case." 355 F.3d at 337. The *Foley* court noted some tension in its prior decisions with respect to individual liability, but stated "we do not believe that this is the proper case in which to decide the outer boundaries of § 1981 liability as it applies to individual non-employer defendants, nor to attempt to catalogue every fact situation which might subject an individual to such liability." *Id.* at 338.

District courts within the Fifth Circuit generally have interpreted *Foley* to recognize individual liability under § 1981 for supervisors who exercise control over employment decisions and were personally involved in the complained-of conduct, but have refused to allow a claim under Section 1981 against a mere co-worker. *See, e.g., Miller v. Wachovia Bank, N.A.*, 541 F.Supp.2d 858, 862-63  (N.D.Tex. 2008) (discussing several district court and circuit cases and noting that "the cases that have addressed the issue suggest that a § 1981 suit against a mere coworker is invalid."); *Covalt v. Pintar*, No. CIV.A. H-07-1595, 2008 WL 2312651, at *7 (S.D. Tex. June 4, 2008) ("…Plaintiff's co-worker, was not a party to Plaintiff's employment contract, and there is no allegation that [she] was "essentially the same" as Defendant…when engaging in the alleged retaliatory or harassing acts."). In *Medina v. Houston Intern. Ins. Group, Ltd.*, Civil Action No. 4:13-CV-3343, 2015 WL 459256, at *4 (S.D. Tex. Feb. 2, 2015), the district court noted that "[i]ndividual liability under Section 1981 is unsettled in the Fifth Circuit," but that individuals can be held liable under Section 1981 if they "are essentially the same as the [employer]

for the purposes of the complained-of conduct."[3] The *Medina* plaintiff alleged that two defendants discriminated against her on behalf of a prospective employer by rejecting her application for the position of assistant to the CEO based on her race. The court denied the individual defendants' motions to dismiss, finding that plaintiff's allegation that she was rejected by the interviewer based on her race permitted a reasonable inference that the CEO communicated a racial preference for the position in violation of §1981.

In this case, O'Brien is the human resources manager for Link Staffing. She met with Thomas and representatives of Grundfos at Grundfos the day before Thomas's assignment at Grundfos was terminated. Thomas alleges that in the meeting with O'Brien he was told he was "prohibited from raising the issue [of discrimination] with Corporate Grundfos, [and] that [Link] would do the investigation" into the alleged discrimination. Dkt. 1 at 13-14. He also alleges that O'Brien signed and he was required to sign, the Employee Counseling Report. *Id.* Thomas alleges that Grundfos and Link "attempted to prevent [him] from reporting the discrimination" and retaliated against him to "suppress [his] pursuit of the issue of discrimination" by disciplining him with the Employee Counseling Report. Dkt. 1 at 21-22. Furthermore, in his response to the Motion to Dismiss, Thomas alleges that, as the Human Resource Manager for Link Staffing, O'Brien was "the person responsible for overseeing personnel, hiring, firing, benefits, promotion, etc., and [that] she signed the [Employee Counseling Report.]" Dkt. 23 at 3.

In short, Thomas has alleged O'Brien's participation in the conduct he complains of in this suit. Under the precedent discussed above, for purposes of pleading, the court concludes that it is plausible that O'Brien exercised control over the instructions not to report the discrimination, the issuance of the Employee Counseling Report, and that she personally participated in the alleged

---

[3] The court in *Medina* noted that *Foley* stopped short of requiring that individuals be "essentially the same" as an employer to be liable. *Id.* at *4.

conspiracy to prevent Thomas from reporting discrimination. Thus, at this stage of the proceedings and for purposes of the motion to dismiss, Thomas has alleged sufficient facts to meet the "essentially the same" test for individual liability under § 1981. The claims against O'Brien should not be dismissed for failure to allege individual liability, and the court will address whether Thomas has stated claims against O'Brien for race discrimination and retaliation.

### B.  Section 1981 Race Discrimination

#### 1.  Legal Standards

In the absence of direct evidence of discrimination and under the *McDonnell Douglas* framework, a plaintiff seeking to establish a claim of racial discrimination under § 1981, must first make out a prima facie case of discrimination. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–14 (5th Cir. 2001). To establish a prima facie case, a plaintiff must show that he (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, that others similarly situated were treated more favorably. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016). An adverse employment action in the discrimination context refers to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Felton v. Polles,* 315 F.3d 470, 486 (5th Cir. 2002), *overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

#### 2.  Thomas's allegations fail to state a claim of racial discrimination against O'Brien as a matter of law.

Thomas has asserted claims for discrimination and retaliation under 42 U.S.C. § 1981 against O'Brien.  Dkt. 22-1 at 2.  In his original complaint, Thomas alleged that "on September 1st, 2016 th[e] issue of discrimination was address [sic] in a meeting that was held with me with Steve

Marshall and Jonathan Hamp Adam of Grundfos and Christine O'Brien and Jeff Weaver of Link Staffing, in which all agreed that no discrimination took place . . .." Dkt. 1 at 21-22. His pleading also references his handwritten note on the October 17, 2016 Counseling Report that says: "Matt and Christy inform [sic] me they would get back on with me on the answer if I can contact corporate Grundfros" and "Matt and Christy also stated they will provide me with [an] employee handbook." Dkt. 1-2 at 9. In his Amended Complaint, Thomas gives the following narrative statement in support of his claims:

> Christine O'Brien is the human resource person for the above mention [sic] employers and she retaliated against Plaintiff when he raised the issues mentioned above, she worked in concert with Grundfos to retaliate against me by intimidation, isolation and retaliation through disciplinary actions. She was present with Matt Trimble when they presented me with the final written warning (and they both signed it) for raising the issue of race discrimination with Grundfos, and verbally threatened me that if I raised the issue again I would be terminated and told me that I could only bring the issue to the[m] and they would decide if it would be escalated, that they would be my advocate. Once I told them I would be my own advocate and they had 48 hours to give me an answer on whether I could report the issue to Grundfos Corporate office they conspired with Grundfos to end my assignment and then the above mention[ed] employers terminated my employment with them.

Dkt. 22-1 at 3. The Amended Complaint also expressly alleges that O'Brien is "European-American." Dkt. 22-1 at 4.

Thomas has failed to state a claim of discrimination against O'Brien. He fails to allege any adverse employment action taken by O'Brien or any conduct by her that was motivated by race. All his allegations regarding O'Brien's conduct relate to her disciplining him, attempting to silence him, or threatening him with adverse consequences as a result of his complaints of discrimination to Grundfos. Therefore, the court recommends that O'Brien's motion to dismiss Thomas's Section 1981 race discrimination claim against her be granted.

### C.  Section 1981 Retaliation

#### 1.  Legal Standards

Section 1981(b) allows an employee to recover for retaliation suffered because he complained of race discrimination.  *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003). To present a prima facie case of retaliation under § 1981, Thomas must show that: (1) he engaged in protected activity; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

The standard for what qualifies as an adverse employment action with respect to a retaliation claim is broader than that needed to support a discrimination claim. *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945–46 (5th Cir. 2015) (noting that adverse employment actions for retaliation claims are not limited to the workplace, and the standard is less demanding than an ultimate employment decision). An adverse employment action in the retaliation context is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 945 (alteration in original) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Whether an action meets this standard is judged by the standard of a "reasonable employee," and will often depend upon the particular circumstances. *Id.* at 945–46 (quoting *Burlington*, 548 U.S. at 69, 126 S.Ct. 2405)." *Stringer v. N. Bolivar Consol. Sch. Dist.*, No. 17-60282, 2018 WL 1192999, at *7 (5th Cir. Mar. 7, 2018).

#### 2.  Thomas's pleading states a plausible retaliation claim against O'Brien.

The factual allegations contained in Thomas's complaint related to O'Brien are set forth above. Thomas has alleged in engaged in protected activity by complaining about race

10

discrimination. He further alleges that O'Brien, among others, gave him a final warning and told him not to make any further complaints to Grundfos. He also alleges that after his complaints, his assignment with Grundfos was terminated and Link Staffing did not give him another assignment. He alleges that O'Brien was either responsible for these actions or conspired with others to take them. The court concludes that Thomas has alleged a plausible claim against O'Brien for Section 1981 retaliation, and O'Brien's motion to dismiss this claim should be denied at this stage of the proceedings.

## IV.    <u>CONCLUSION AND RECOMMENDATION</u>

For the reasons discussed above, the court **RECOMMENDS** that O'Brien's motion to dismiss Thomas's Section 1981 race discrimination claim with prejudice should be **GRANTED**, and O'Brien's motion to dismiss Thomas's Section 1981 retaliation claim should be **DENIED.**

The court further **RECOMMENDS** that the court order Thomas to file within 14 days of the adoption of this Memorandum and Recommendation and the Memorandum and Recommendation on Link Staffing's Motion to Dismiss, if any, a Second Amended Complaint that complies with Federal Rule of Civil Procedure 8 and is limited to the claims remaining in this case.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 8608.

Signed on January 08, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge