**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MICHEL THOMAS,                          §
*Plaintiff,*                            §
                                        §
v.                                      §          Civil Action No. 4:17-CV-3902
                                        §
LINK STAFFING, *et al.*,                §
*Defendants.*                           §

United States District Court
Southern District of Texas
**ENTERED**

**MEMORANDUM AND RECOMMENDATION**

May 16, 2019
David J. Bradley, Clerk

On May 16, 2019, after notice to Plaintiff (Dkt. 53), this court held a Show Cause Hearing to allow Plaintiff an opportunity to present evidence showing the individual defendants (other than O'Brien) named in his initial complaint in this case were properly served by June 29, 2018 deadline set by the district court (Dkt. 11).

This case was filed approximately 15 months ago, and the individual defendants named in the original complaint (other than Christie O'Brien) have not been properly served in accordance with Federal Rule of Civil Procedure Rule 4(e), which sets forth the proper methods for serving an individual within a Judicial District of the United States. This court lacks personal jurisdiction over a defendant who has not been with a summons and complaint in accordance with Rule 4. *Kruger v. Hartsfield*, Civil Action No. 3:17-CV-01220, 2018 WL 2090743 at *2 (N.D. Tex. Apr. 13, 2018). On May 25, 2018, Plaintiff filed a "Proof of Service" for the Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts. Dkts. 15-18. Each Proof of Service states that the summons was served on May 16, 2018 on Vanessa A. Hernandez, "who is designated by law to accept service of process on behalf of Corporation Service Company (CSC)." There is no evidence that Vanessa A. Hernandez is authorized to accept service on behalf of any of the individuals named above.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after that complaint is filed, the court—on motion or *on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

(emphasis added). Neither a litigant's pro se status, nor ignorance of the Federal Rules of Civil Procedure, will excuse the failure to effect timely service on a defendant. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *May v. Texas by Cascos*, Civil Action No. 5:16-cv-238, 2017 WL 7513550, at *2 (N.D. Tex. Nov. 27, 2017), *adopted by* 2018 WL 798738 (Feb. 8, 2018). The court notified Plaintiff in person at a hearing on April 25, 2019 and by Order entered the same day, that the individual defendants Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts had not been properly served and were subject to dismissal. Dkt. 53. Plaintiff confirmed on the record in open court on May 16, 2019 that he has no evidence of service on Karen Pitts, Mario Tamez, Matt Trimble, or Bill Pitts other than the "Proof of Service" forms previously filed with the court.

Plaintiff has failed to timely or effectively serve the individual defendants named above despite being given extra time to do so. Therefore, the court recommends that Plaintiff's claims in this case against Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts be dismissed without prejudice pursuant to Rule 4(m).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed at Houston, Texas on May 16th, 2019.

Christina A. Bryan
United States Magistrate Judge