IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-3902 |
| | § | |
| LINK STAFFING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
## OF MAGISTRATE JUDGE

On May 16, 2019, after notice to the plaintiff, Michel Thomas, Magistrate Judge Bryan held a show-cause hearing to allow Thomas an opportunity to present evidence showing that the individual defendants (other than Christine O'Brien) named in his initial complaint were properly served by the June 29, 2018 deadline. (Docket Entry No. 11). Although this case was filed over a year ago, the individual defendants named in the original complaint (other than Christine O'Brien) were not served in accordance with Federal Rule of Civil Procedure Rule 4(e). This court lacks personal jurisdiction over a defendant who has not been served with a summons and complaint under Rule 4. *Kruger v. Hartsfield*, Civil Action No. 3:17-cv-01220, 2018 WL 2090743 at *2 (N.D. Tex. Apr. 13, 2018).

On May 25, 2018 Thomas filed a "Proof of Service" for Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts. Docket Entry Nos. 15-18. Each "Proof of Service" form states that the summons was sent on May 16, 2018, to Vanessa A. Hernandez, "who is designated by law to accept service of process on behalf of Corporation Service Company (CSC)." There is no evidence that Vanessa A. Hernandez is authorized to accept service on behalf of any of the individual defendants. Nor is there evidence that she could and did serve any of them.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after that complaint is filed, the court—on motion or *on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

(emphasis added). Neither a litigant's pro se status, nor ignorance of the Federal Rules of Civil Procedure, excuses the failure to effect timely service on a defendant. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *May v. Texas by Cascos*, Civil Action No. 5:16-cv-238, 2017 WL 7513550, at *2 (N.D. Tex. Nov. 27, 2017), *adopted by* 2018 WL 798738 (Feb. 8, 2018).

The court notified Thomas in person at a hearing and by an Order entered on April 25, 2019, that the individual defendants, Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts, had not been properly served and were subject to dismissal. Thomas confirmed, on the record, in open court, on May 16, 2019, that he has no evidence of service on any of these defendants, Karen Pitts, Mario Tamez, Matt Trimble, or Bill Pitts, other than the "Proof of Service" forms showing that they were sent to Vanessa A. Hernandez.

This court adopts Judge Bryan's Memorandum and Recommendation to find and conclude that Thomas failed to timely or effectively serve the individual defendants named above, despite being given extra time to do so, and that Thomas's claims against Karen Pitts, Mario Tamez, Matt Trimble, and Bill Pitts be dismissed, without prejudice, for failure to serve and for lack of jurisdiction. *See* Rule 4(m), FED. R. CIV. P.

The claims against Karen Pitts, Bill Pitts, Mario Tamez, and Matt Trimble are dismissed.

SIGNED on June 5, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge