United States District Court
Southern District of Texas

**ENTERED**

July 08, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-3902 |
| | § | |
| STAFFLINK, INC. D/B/A LINK STAFFING | § | |
| SERVICES, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendants Link Staffing Services and Christie O'Brien filed a Motion for Summary Judgment seeking dismissal of Plaintiff Michel Thomas's Title VII and 42 U.S.C. § 1981 race discrimination and retaliation claims against them.[1]  Dkt. 77.  Thomas filed a response.[2]  Dkt. 78. Having considered the parties' submissions and the law, the Court recommends that the Motion for Summary Judgment be granted and all claims against Link Staffing and O'Brien be dismissed with prejudice.

## I.    Background

Thomas was an employee of Link Staffing, a temporary staffing agency, and was assigned to work at the Brookshire, Texas, location of a company called Grundfos in December 2014. Grundfos terminated Thomas's assignment on October 18, 2016, and Thomas never worked a temporary assignment through Link Staffing again.  In December 2017, Thomas filed this lawsuit against Link Staffing, O'Brien, and other individual employees alleging that while employed by Link Staffing and assigned at Grundfos he suffered sexual and religious harassment, was passed

---

[1] The District Court referred this case to this Magistrate Judge for Report and Recommendation.  Dkt. 20.
[2] Defendants' Motion was filed on May 29, 2020 and Thomas's response was due 21 days later, on June 19, 2020. *See* Loc. R. S.D. Tex. 7.3, 7.4.  Thomas signed the Response on June 22, 2020 and it was docketed June 24, 2020.  The Court has nonetheless considered the late-filed response.

over for permanent positions based on his race and age, and was retaliated against for complaining about discrimination in the workplace. For purposes of the instant Motion for Summary Judgment only, Link Staffing does not contest Thomas's contention that Link Staffing is liable for conduct that occurred at Grundfos on the basis of joint employer liability.  Dkt. 77 at 7 n.1.

The Court previously dismissed some of Thomas's claims against Link Staffing on grounds his allegations did not state plausible claims for violation of Chapter 21 of the Texas Labor Code, age discrimination and retaliation in violation of the ADEA, religious discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981, and hostile work environment discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981.  *See* Dkts. 35, 43. The Court dismissed Thomas's § 1981 race discrimination claim against O'Brien for failure to state a claim, but declined to grant her Rule 12(b)(6) motion to dismiss his § 1981 retaliation claim against her.  *See* Dkts. 36, 43.  The Court dismissed without prejudice all claims against other individual named defendants for lack of service. *See* Dkts. 54, 57.  As a result, the only claims remaining in this case are Title VII and Section 1981 race discrimination and retaliation claims against Link Staffing and a Section 1981 retaliation claim against Christie O'Brien.

In February 2018, Thomas filed a related lawsuit against Grundfos employees and affiliates.  The District Court issued a Final Judgment dismissing with prejudice all of Thomas's claims in the Grundfos case on June 17, 2020.  *Thomas v. Grundfos et al.*, Civil Action No. 4:18-cv-0557, 2020 WL 3318287 (S.D. Tex. May 27, 2020), *report and recommendation adopted*, 2020 WL 3288128 (S.D. Tex. June 17, 2020).

## II.   Legal Standards

### A.  Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The party moving

for summary judgment has the initial burden to prove there are no genuine issues of material fact

for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute

about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the

nonmoving party.  *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).  "An issue is material if its

resolution could affect the outcome of the action."  *Terrebonne Parish Sch. Bd. v. Columbia Gulf

Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  The court construes the evidence in the light

most favorable to the nonmoving party and draws all reasonable inferences in that party's

favor.  *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

### B. *McDonnell Douglas* Burden-Shifting

Thomas's claims for discrimination and retaliation under Title VII and 42 U.S.C. § 1981

are subject to the familiar *McDonnell Douglas* burden-shifting framework.  *Davis v. Dall. Area

Rapid Transit*, 383 F.3d 309, 316–17 (5th Cir. 2004); *see also Lauderdale v. Texas Dep't of

Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007) ("the inquiry into intentional

discrimination is essentially the same for individual actions brought under sections 1981 and 1983,

and Title VII.").  Pursuant to the *McDonnell Douglas* framework, a plaintiff relying on

circumstantial evidence of discrimination or retaliation must first demonstrate a prima facie case.

*Davis*, 383 F.3d at 317 (citing *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th

Cir. 2002)).  If a plaintiff meets this prima facie burden, a presumption of discrimination or

retaliation arises, shifting the burden of production to the employer to articulate a legitimate,

nondiscriminatory reason for its employment action.  *Id.*; *Hernandez v. Metro. Transit Auth. of

Harris Cty.*, 673 F. App'x 414, 417 (5th Cir. 2016).  If the employer states a legitimate reason for

its action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to

3

present evidence that the employer's proffered reason is merely pretextual.  *Id.*  "In contrast to the minimal burden that a plaintiff bears when establishing his prima facie case, a plaintiff must produce 'substantial evidence of pretext.'"  *Id.* at 419 (quoting *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001)).  The plaintiff always bears the ultimate burden to prove discrimination.  *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016).

## III.   <u>Analysis</u>

Link Staffing moves for summary judgment on Thomas's Title VII and Section 1981 race discrimination claims on grounds that (1) certain Title VII claims are unexhausted and time-barred; (2) Thomas cannot meet his prima facie burden to show an actionable adverse employment action based on Grundfos's failure to hire him in a permanent position; (3) Thomas has no evidence of race discrimination by Link or Grundfos; and (4) Thomas cannot assert a "pattern and practice" claim as a matter of law. Dkt. 77 at 11-19.  Link Staffing moves for summary judgment on Thomas's Title VII and Section 1981 retaliation claims on grounds that (1) certain acts of alleged retaliation are not actionable adverse employment actions and do not satisfy his prima facie burden; (2) Grundfos has stated a legitimate reason for terminating Thomas's assignment and Thomas has no evidence to show that Grundfos's decision was due to his protected activity of complaining about discrimination; and (3) Link Staffing has stated a legitimate reason for terminating Thomas's employment and Thomas has no evidence to show that Link Staffing's decision was due to his protected activity of complaining about discrimination .  Dkt. 77 at 19-23.  O'Brien moves for summary judgment on Thomas's § 1981 retaliation claim against her because her verbal discipline and Employee Counseling Report do not satisfy the adverse employment action component of a prima facie case of retaliation.  Dkt. 77 at 23-24.

As a threshold matter, the Court addresses Thomas's argument that Defendants' Motion

for Summary Judgment constitutes an inappropriate attempt to relitigate issues decided by the Court on Defendants' Rule 12(b)(6) Motions to Dismiss. *See* Dkt. 78. Thomas is mistaken in his view that the Court previously found he met his summary judgment burden to prove prima facie cases of race discrimination and retaliation. When ruling on the Defendants' Rule 12(b)(6) motions to dismiss, the Court held *only* that Thomas's race discrimination and retaliation claims should not be dismissed merely on the basis of the allegations in his pleading. *See* Dkts. 35, 36. The Court has never found that Thomas has satisfied his summary judgment burden of proof to demonstrate a prima facie case of race-based discrimination or retaliation. The Court has made no prior rulings on the merits of Thomas's claims against Link Staffing or O'Brien and nothing precludes their Motion for Summary Judgment.

### A. Summary judgment should be granted on Thomas's Title VII and Section 1981 race discrimination claims.

#### 1. Thomas has failed to present a prima facie case of race discrimination based on Grundfos's failure to hire him.

To establish a prima facie case of race discrimination Thomas must show: (1) he was a member of a protected class; (2) he was qualified for the position he sought; (3) he suffered an adverse employment action, *i.e.,* his application for the position was rejected; and (4) his employer hired someone outside of his protected class or treated him less favorably than other similarly situated employees outside his protected group. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 356 (5th Cir. 2019); *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000). An adverse employment action in the discrimination context refers to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002), *overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

5

Thomas's operative Amended Complaint alleges Link Staffing is liable for race discrimination because Grundfos gave permanent positions to "European-Americans" Rick Stephens and Todd Kirchkoff, and to "Mexican-Americans" Bernie Flores and Alex Siva, instead of him.[3]  Dkt. 60 at 2.  Link Staffing argues that (1) Thomas's Title VII claims are unexhausted and time-barred; (2) Thomas cannot demonstrate a prima facie case of race discrimination based on Grundfos's failure to hire him as a permanent employee; and (3) Thomas cannot show Link Staffing or Grundfos discriminated against him based on his race.  Link Staffing's second ground for dismissal is dispositive and the Court does not address the other two.

Thomas has failed to establish a prima facie case of race discrimination resulting from Grundfos's failure to hire him because the uncontroverted summary judgment evidence establishes that Thomas never applied for a permanent position at Grundfos.  Dkt. 77-11 at 3 (D.Ex. K) (establishing that Thomas was informed in writing that his Grundfos assignment was "NOT a working interview," and that he was invited to apply for consideration of jobs posted on the internet).  Thomas confirmed in his deposition that he never applied for a position with Grundfos. Dkt. 77-5 at 9; Dkt. 77-4 at 38 (Thomas Depo. D.Ex. D).  Thomas's failure to apply for a permanent position at Grundfos precludes his race discrimination claim.  *See McFall v. Gonzalez*, 143 F. App'x 604, 607 (5th Cir. 2005) ("plaintiff must prove that . . . he applied for and was qualified for the position he sought"); *Grice v. FMS Techs, Inc.*, 216 F. App'x 401, 406 (5th Cir. 2007) (finding plaintiff's failure to apply fatal to his prima facie case); *Shackelford v. Deloitte & Touche*, LLP,

---

[3] Thomas's Amended Complaint does not allege liability for race discrimination against Link based on Grundfos's failure to train him.  *See* Dkt. 60.  Any such claims would be subject to dismissal for the reasons set forth in *Thomas v. Grundfos, et al.,* Civil Action No. 4:18-cv-0557, 2020 WL 3318287, at *3 (S.D. Tex. May 27, 2020), *report and recommendation adopted*, 2020 WL 3288128 (S.D. Tex. June 17, 2020) (noting Grundfos did not have a sequential training program in place and "the denial of training does not constitute an 'ultimate' employment decision or actionable adverse employment action" (citing *Pollak v. Lew*, Civil Action No. H-11-2550, 2013 WL 1194848, *6 (S.D. Tex. Mar. 22, 2013) and *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 836 (E.D. Tex. 2014)).

190 F.3d 398, 406 (5th Cir. 1999) (dismissing claim based on failure to apply for position); *Irons v. Aircraft Serv. Int'l, Inc.*, 392 F. App'x 305, 312 (5th Cir. 2010) (rejecting plaintiff's argument that he was denied opportunity to apply because employer picked who they wanted to fill positions).   Because Thomas did not apply for a position, Grundfos could not have taken the adverse employment action of rejecting him.   *See Colbert v. Infinity Broad. Corp.*, 423 F. Supp. 2d 575, 583 (N.D. Tex. 2005) ("There can be no rejection unless one first applies for a position.").

Furthermore, any claim Thomas could make based on Grundfos's failure to hire him after April 2016 cannot survive summary judgment because the uncontroverted evidence establishes that Grundfos was under a hiring freeze from April 26, 2016 through the end of Thomas's employment.   Dkt. 77-18 ¶7 (Marshall Aff. D.Ex. R); Dkt. 77-4 at 46-47 (Thomas Depo. D.Ex. D).   An employer does not discriminate by failing to hire a plaintiff if it has no job opening.   *Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 691 (5th Cir. 2007).   In addition, Thomas has failed to present evidence demonstrating that he was qualified for a position he sought, as is required to establish a prima facie case based on a failure to hire.   *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994) (plaintiff who was not qualified for position at time she applied was unable to make out a prima facie case of discrimination).[4]   For these reasons, Thomas cannot satisfy his prima facie burden to show an adverse employment action based on Grundfos's failure to hire him for a permanent position.

---

[4] Even if he could satisfy his prima facie burden, he cannot meet his summary judgment burden to show pretext. A Plaintiff in a failure to promote case may show pretext by demonstrating he was "clearly better qualified (as opposed to merely better or as qualified) than the chosen employee," or "by showing that the employer's proffered explanation is false or unworthy of credence." *Roberson-King v. Louisiana Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018). Employers are free to weigh the qualifications of candidates and use their own judgment in making choices, as long as their choices are not motivated by race. *Id.* at 382.   Thomas admittedly has no evidence regarding the qualifications of the individuals outside of his protected class allegedly hired by Grundfos. Dkt. 77-4 at 44-45 (D.Ex. D at 226, 228); Dkt. 77-5 at 16-17 (D.Ex. E at 182-185; 202-203).

**2.   As a matter of law, Thomas cannot recover based on Grundfos's alleged "pattern and practice" of discrimination.**

Thomas also alleges Link Staffing is liable for discrimination based on an alleged Grundfos practice of requiring "African-Americans" and "Mexican-Americans" to work twice as long as "European-Americans" before being hired as permanent employees.  Dkt. 60 at 2.  To the extent Thomas intends by this allegation to assert what is commonly known as a "pattern and practice" discrimination claim, it should be dismissed on summary judgment.

First, Thomas did not assert this type of claim in his EEOC charge and therefore did not exhaust his administrative remedies regarding claims involving a pattern and practice of discrimination.  Dkt. 77-17 (EEOC charge, D.Ex. Q); *Kelly v. Capitol One Auto Fin.*, Civil Action No. 3:08-CV-0266-D, 2008 WL 2653202, at *3-4 (N.D. Tex. July 7, 2008) (declining to consider pattern and practice claim that was not included in EEOC charge).  Second, "pattern and practice" claims may only be prosecuted in class action lawsuits.  *Williams v. Target Corp.*, Civil Action No. H-12-2958, 2013 WL 1415619, at *1 (S.D. Tex. Apr. 1, 2013) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001)).  Evidence relating to discrimination against other employees is not relevant to an individual plaintiff's claims of discrimination. *Vrzalik v. Potter*, No. 3:05-CV-1875-K, 2008 WL 2139529, *5 (N.D. Tex. May 21, 2008). Thomas's claims of racial discrimination based on a "pattern and practice" should be dismissed.

**B.   Summary judgment should be granted on Thomas's Title VII and Section 1981 retaliation claims.**

To establish a prima facie case of retaliation, Thomas must show that: (1) he engaged in protected activity; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Davis*, 383 F.3d at 319

(5th Cir. 2004).  An adverse employment action in the retaliation context is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)).

Thomas alleges that after he complained of race discrimination, Link Staffing retaliated against him by issuing an October 17, 2016 written Employee Counseling Report, ending his assignment at Grundfos, and terminating his employment.  Dkt. 60.  Thomas alleges that O'Brien retaliated against him by verbally disciplining him and issuing the October 17, 2016 written Employee Counseling Report.  *Id.*

> **1.  Thomas cannot meet his prima facie case of retaliation against Link Staffing based on the Employee Counseling Report.**

Contrary to the provisions in the Link Staffing Employee Handbook, (Dkt. 77-3), Thomas raised his complaints of discrimination directly with Grundfos management.  After Link Staffing learned that Thomas had communicated his complaints to Grundfos, Christie O'Brien, the Human Resources Manager for Link Staffing, counseled Thomas on three separate dates (August 23; September 1; September 30) and informed him that he was required to report workplace concerns to Link Staffing.  Dkt. 77-1 ¶5 (Trimble Aff. D.Ex. A).  The summary judgment record reflects that after repeated counseling, Thomas ignored Link Staffing's policy and again complained directly to Grundfos management on October 12, 2016.  Dkt. 77-12 (D.Ex. L).  O'Brien then gave Thomas a written "Employee Counseling Report" on October 17, 2016.  *Id.*; Dkt. 77-14 (Employee Counseling Report, D.Ex. N).

The written "Employee Counseling Report" does not constitute an actionable adverse employment action. *See, e.g., King v. Louisiana,* 294 F. App'x 77, 85 (5th Cir. 2008) (holding verbal reprimands are not actionable as retaliation); *Gallentine v. Hous. Auth.*, 919 F. Supp. 2d 787, 807 (E.D. Tex. 2013) ("The write-up, however, which was classified as a verbal warning,

cannot satisfy the second prong of a prima facie case of retaliation."); *Mendoza v. Bell Helicopter*, 548 F. App'x 127, 130 (5th Cir. 2013) (verbal counseling and a written warning are not materially adverse employment actions); *DeHart v. Baker Hughes Oilfield Ops., Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (written disciplinary warning not actionable retaliation); *Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 286 (5th Cir. 2014) (a written reprimand, without evidence of consequences, does not constitute an adverse employment action); *Perez v. Brennan*, 766 F. App'x 61, 64 (5th Cir. 2019) (warning letter was not an adverse employment action); *Molina v. Equistar Chems., L.P.*, Civil Action No. C-05-327, 2006 WL 1851834, at *10 (S.D. Tex. June 30, 2006) ("Last Chance Agreement" not actionable as retaliation).  Because he has failed to provide summary judgment evidence demonstrating an adverse employment action, Thomas's retaliation claim based on the written Employee Counseling Report should be dismissed.

### 2. Thomas cannot meet his summary judgment burden to show that Grundfos's stated reason for ending his assignment is pretext for retaliation.

On October 17, 2016, Thomas approached the Grundfos Human Resources Director, Paddi Riopelle, and Link Staffing representatives at the Brookshire Facility and alleged that Grundfos employee Steve Marshall had been dismissed by his previous employer for sexual harassment. Dkt. 77-1 ¶6; Dkt. 77-6 ¶12 (O'Brien Aff. D.Ex. F).  Thomas's accusations against Marshall on October 17, 2016 did not involve conduct that occurred at Grundfos and Thomas offered no support for them.  Grundfos had never received any complaint of sexual harassment by Marshall. Therefore, "Grundfos found Thomas's statements to be concerning and simply an attempt to harm Mr. Marshall's reputation." Dkt. 77-18 ¶ 11.  Thomas does not deny that he made the accusation about Marshall.  The uncontroverted summary judgment evidence demonstrates that Grundfos terminated Thomas's temporary assignment the very next day due to his comments about Marshall.

*Id.*[5]

Thomas has failed to present summary judgment evidence demonstrating a causal link between the termination of his temporary assignment at Grundfos and protected activity such as his complaints of racial discrimination.  The termination of Thomas's assignment at Grundfos occurred in close temporal proximity to his complaint about discrimination at the October 12, 2016 meeting.  However, even if temporal proximity were sufficient evidence of a causal link to state a prima facie case of retaliation, standing alone, it fails to provide sufficient evidence of causation to survive summary judgment.  *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004) ("the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case." (emphasis in original)); *Strong v. Univ. Healthcare Sys., LLC.*, 482 F.3d 802, 807-08 (5th Cir. 2007) (temporal proximity insufficient to show causal link on summary judgment where defendant has stated a legitimate, non-discriminatory reason).  Thomas's retaliation claim based on the ending of his Grundfos assignment should be dismissed because (1) Link has offered a legitimate, non-discriminatory reason for Grundfos's termination decision; (2) Thomas does not deny making the remarks Link offers as the basis of the legitimate, non-discriminatory reason for Grundfos's termination decision; (3) Thomas has presented no evidence indicating Grundfos's explanation is false; and (4) Thomas has presented no evidence supporting an inference that Grundfos ended his assignment because he engaged in the protected activity of complaining about racial discrimination.

---

[5] Protected activity must be based on the plaintiff's "reasonable belief that the employer was engaged in unlawful employment practices." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).  Thomas's statement about Marshall's past conduct at a different company, which he admitted he did not know was true, is not a complaint based on the belief that his employer was engaged in an unlawful employment practice, and does not constitute protected activity.

### 3.   Thomas cannot meet his summary judgment burden to show that Link Staffing's stated reason for terminating his employment is pretext for retaliation

Thomas alleges that he was terminated by Link Staffing after complaining about race discrimination. See Dkt. 60.  On October 18, 2016, Link Staffing notified Thomas that although his assignment at Grundfos had ended, he remained employed by Link Staffing and was eligible for assignments.  Dkt. 77-1 ¶ 7.  Thomas's Field Staff Agreement required Thomas to provide Link Staffing with his availability for work.  *Id.*; Dkt. 77-3 at 7 (FSA, D.Ex. C).  Yet, Thomas never provided his availability or reported to the Link Staffing office. Dkt. 77-1 ¶ 8; Dkt. 77-5 at 12, 14.  Despite the total lack of contact, Link Staffing waited more than year before "deactivating" Thomas's employment on October 25, 2017.  Dkt. 77-1 ¶ 8.

Thomas has presented no evidence whatsoever to contradict Link Staffing's legitimate explanation for ending Thomas's employment.  It is clear under these circumstances that Thomas cannot meet even his prima facie burden to show a causal link between any of his protected activity in 2016 and the termination of his employment with Link Staffing in October 2017.  Thomas's retaliation claim against Link Staffing should be dismissed.

### 4.   Thomas cannot meet his prima facie burden on his § 1981 retaliation claim against O'Brien based on her verbal counseling or the written Employee Counseling Report.

As explained above, O'Brien counseled Thomas about Link Staffing policy on three separate dates (August 23; September 1; September 30) before issuing the "Employee Counseling Report" on October 17, 2016.  Dkt. 77-14 (Employee Counseling Report, D.Ex. N).  Also as explained above, the verbal discipline and Employee Counseling Report do not qualify as adverse employment actions for purposes of Thomas's retaliation claim.  *See, e.g., Mendoza v. Bell Helicopter*, 548 F. App'x 127, 130 (5th Cir. 2013) (verbal counseling and a written warning are not

12

materially adverse employment actions).  Even if Thomas could establish an adverse employment action, he cannot satisfy his burden to show a causal link between the discipline and his protected activity.  Thomas's opinion that the discipline was unfair does not satisfy his burden to show the discipline resulted from retaliation.  *Vasquez v. Nueces Cty., Tex.*, 551 F. App'x 91, 94 (5th Cir. 2013) ("[W]e have held that the subjective belief of a plaintiff is not sufficient to establish a *prima facie* case of discrimination under Title VII, the ADEA, or the TCHRA.").  Therefore, Thomas's Section 1981 retaliation claim against O'Brien should be dismissed.

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Link Staffing and Christi O'Brien's Motion for Summary Judgment (Dkt. 77) be **GRANTED** and all claims in this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 08, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge