United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-3902 |
| | § | |
| LINK STAFFING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Michel Thomas, representing himself, has filed what he terms a motion to dismiss, citing Federal Rule of Civil Procedure 60(b)(3), (4), and (6).  Rule 60(b) provides for relief from a judgment or order, which is the relief Thomas seeks.  He asks the court to vacate the prior rulings denying his claims and entering judgment against him.

Thomas has not met the standards of, or made the showings required by, Rule 60(b).  The rule provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Thomas cites sections (3), (4), and (6).  There is no basis to find fraud in this record, or any ground to find the judgment void.  The "catch all" clause of Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th

Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)). Motions under this subsection "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set out the following factors to consider: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Thomas at best simply reurges some of the same grounds that he previously presented. He had a fair opportunity to present his claims, which were denied on their merits, and he had the opportunity to appeal the judgment to the Fifth Circuit. There are no extraordinary circumstances that demonstrate a reason to disturb the rulings and judgment. Thomas's motion to dismiss, (Docket Entry No. 95), is denied.

SIGNED on January 4, 2021, at Houston, Texas.

_____
                        Lee H. Rosenthal
                Chief United States District Judge